UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALBERT GEORGE,

        Plaintiff,

        v.

DHL, JFK AIRPORT;
VINNIE MERCOGLIANO,

        Defendants

----------------------------------------------------------X

MEMORANDUM & ORDER
04-CV-0342 (NGG)(LB)

GARAUFIS, United States District Judge.

Plaintiff Albert George ("Plaintiff"), proceeding pro se, brings this action against his former employer DHL Express (USA), Inc.[1] ("DHL") and former supervisor Vincent Mercogliano (collectively, "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. He alleges that the Defendants engaged in discrimination based on race by terminating his employment and retaliated against him for challenging a denial of an equity adjustment. On November 15, 2004, the Defendants moved to dismiss the Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that it was not timely filed and, further, that it states no claim upon which relief may be granted.

For the reasons discussed below, the Defendants' motion to dismiss the Complaint is granted.

**I.    Legal Standard**

In considering this motion, the court is aware that because the Plaintiff is proceeding pro

---

[1] In his complaint, the plaintiff incorrectly named DHL as "DHL Worldwide Express - JFK International Airport."

1

se, it is "obliged to construe [his] pleadings and papers liberally." LaBounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991). Indeed, a pro se litigant's submissions are to be interpreted "to raise the strongest arguments they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

In determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co.,147 F.3d 184, 188 (2d Cir. 1998). A court should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations [in the] complaint . . ., to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citations omitted). In the end, the issue before a court is not whether the plaintiff will ultimately prevail on his claim, but whether the plaintiff is entitled to offer evidence in support of the allegations contained in the complaint. Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 62 (2d Cir. 1997).

## II.     Background

Plaintiff was formerly employed by DHL, loading and unloading packages as part of its

ramp operations crew at John F. Kennedy International Airport. (Compl., Pl. Lttr. to H.R.)[2] The Plaintiff's employment was terminated in late 2002 for disregarding a direct order from a supervisor three times before finally complying. (Compl., Feb. 4, 2003 DHL Lttr.) The Plaintiff apparently utilized the company's internal appeal system to challenge his termination but was unsuccessful. A letter from DHL to the Plaintiff explained that he was being terminated because, although "most of [his] work record with DHL has been satisfactory," he also had a "clear history of discipline for similar offenses." (Id.)

The Plaintiff claims that the principal reason for his termination was not this incident but a letter he gave to the human resources department in October 2002. In the letter, the Plaintiff sought review of a determination that he was not entitled to an equity adjustment that had been granted to four out of the twenty-nine employees that had applied for it. The Plaintiff wrote: "I would like my employee profile resubmitted because I think there is a possibility that it was overlooked." (Compl., Pl. Lttr. to H.R.) He based his request on the fact that there was only one other employee in ramp operations with more experience than he possessed and that "no other ramp employee has moved as much weight" as he had. (Id.) Other than the fact that he checked a box alleging racial discrimination on his Complaint, which consists of a standard form supplemented by a two paragraph handwritten note, it is unclear from his Complaint on what basis the Plaintiff alleges improper discrimination in violation of Title VII. In his response to the Defendants' motion, however, the Plaintiff does indicate that he "would endeavor to produce

---

[2] The Plaintiff's Complaint consists of only a handful of paragraphs, which lay out few details concerning the circumstances of his case. Attached to the Complaint are a memorandum from the Plaintiff to his supervisors at DLH and letters from DHL employees regarding his termination that provide slightly more context concerning his allegations.

3

numerous co-workers who would testify that I was specifically singled out principally because of my origin (black) on a daily basis."

On November 4, 2002, the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR") regarding these incidents. On August 11, 2003, the NYSDHR issued a Determination dismissing the Plaintiff's complaint because it found that no probable cause existed to support the Plaintiff's charges. (Goodstadt Aff., Ex. A.) On October 20, 2003, the Equal Employment Opportunity Commission ("EEOC") also issued a Dismissal adopting the findings of the NYSDHR. (Id., Ex. B.) The Dismissal, or so-called "right-to-sue letter," advised the Plaintiff as follows: "You may file a lawsuit against the respondent(s) under federal law based on the charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice**; or your right to sue based on this charge will be lost." (Id.) (emphasis in original).

The Plaintiff initiated the instant suit on January 23, 2004 with the filing of his Complaint.[3]

### III. Discussion

*A. Title VII*

To be timely, an action brought under the Title VII must be filed within 90 days of receipt of a right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1); Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984). "While the 90-day rule is not a jurisdictional predicate, in the

---

[3] On February 10, 2004, the court, sua sponte, dismissed the Plaintiff's initial complaint for failure to contain a short, plain statement of his claim and directed him to file an amended complaint. All references to the Plaintiff's Complaint in this Memorandum & Order are to the amended version.

absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984) (internal quotations and citations omitted) (affirming dismissal of action filed 97 days after receipt of right-to-sue letter). This directive from the Second Circuit has been given full effect by district courts. See, e.g., Francis v. Elmsford School Dist., No. 04 Civ. 2687, 2005 WL 151924, at *5 (S.D.N.Y. Jan 25, 2005) (finding statutorily time barred a complaint filed 6 or 7 days late); Toolan v. Board of Educ. of City of New York, No. 02 Civ. 6989, 2003 WL 22015437, at *2 (S.D.N.Y. Aug. 25, 2003) (dismissing pro se plaintiff's complaint because "although she was only one day late, she was still late"); Moscowitz v. Brown, 850 F.Supp. 1185, 1191 (S.D.N.Y. 1994) (dismissing pro se complaint filed one day late), abrogated on other grounds, Lature v. International Business Machines Corp., 216 F.3d 258 (2d Cir. 2000).

Here, the right-to-sue letter indicates that it was mailed on October 20, 2003 and, in the absence of any indication otherwise,[4] it can be presumed that the Plaintiff received the letter three days after it was mailed, on October 23, 2003. See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996) ("Normally it is assumed that mailed document is received three days after its mailing."); see also Fed.R.Civ.P. 6(e). From October 23, the Plaintiff had 90 days to commence his lawsuit, giving him until on or before January 21, 2004 to file his complaint. The Plaintiff, however, did not file his complaint until January 23, 2004, two days past his deadline.

---

[4] The Plaintiff's Complaint provides no indication concerning when the Plaintiff received the right-to-sue letter. While the standardized form that the Plaintiff utilized to draft his Complaint contains a space to enter the date on which the right-to-sue letter was received, it was left blank.

5

In his filings with the court, including his Complaint and reply to the Defendants' motion to dismiss, the Plaintiff has provided no explanation as to why his Complaint was not timely filed. Accordingly, there is no basis on which this court could equitably extend the limitations period. Rather, the only facts before the court concerning the timeliness of the Plaintiff's suit are the date found on the right-to-sue letter and the date on which the Plaintiff filed his complaint. And these facts clearly indicate that the Plaintiff's complaint was filed after the 90 day period allotted by 42 U.S.C. § 2000e-5(f)(1). Therefore, the Plaintiff's Title VII claim is statutorily time barred and must be dismissed.

    B.    *Second Amended Complaint*

By Order dated February 4, 2005, Magistrate Judge Lois Bloom granted the Plaintiff's request for an extension of time until March 4, 2005 to file his opposition to the Defendants' motion to dismiss. Judge Bloom also advised the Plaintiff that permission to file an amended complaint would not be granted without first being reviewed by the Court. To this end, Judge Bloom directed the Plaintiff to file a cross-motion to amend his complaint by March 4, 2005 along with a copy of his proposed amended complaint.

The Plaintiff's submission was served on the Defendants by hand on March 8, 2005 and did not contain a proposed amended complaint. (Gilly Reply Aff. at ¶ 9.) In fact, the Plaintiff's submission contains only one sentence regarding amending his complaint: "I oppose exhibit B motion to dismiss and would like to write a second amended complaint 42 USC 1981 also whistle blower against individuals Marcos Cantos & Jose Rivera DHL." (Id., Ex. E.) Because the Plaintiff, in addition to filing his response in an untimely manner, ignored Judge Bloom's clear direction to provide a proposed amended complaint with his response, the court hereby

6

denies the Plaintiff's motion to amend.  See Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) ("despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause").

### III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss the Plaintiff's Complaint is GRANTED.  The Clerk of Court is hereby directed to close this case.


SO ORDERED.

Dated: May 13, 2005 /s/ Nicholas Garaufis
 Brooklyn, N.Y. Nicholas G. Garaufis
 United States District Judge